IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N'KAYLA BARNES,<br><br>       Plaintiff,<br><br>  v.<br><br>MONUMENT SECURITY, INC., et al.,<br><br>       Defendants. | Case No. 16-cv-03281-MMC<br><br>**ORDER VACATING HEARING; GRANTING MOTION TO WITHDRAW AS COUNSEL; EXTENDING MEDIATION DEADLINE; DIRECTIONS TO PARTIES; DIRECTIONS TO CLERK** |

       Before the Court is Spinelli, Donald & Nott's ("SDN") "Motion for Leave of Court to Withdraw as Counsel of Record," filed October 19, 2016, by which motion SDN seeks to be relieved as counsel of record for defendant Monument Security, Inc. ("Monument"). No opposition has been filed to said motion.[1] Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, and hereby VACATES the hearing scheduled for December 2, 2016.

       In support of the instant motion, Russ R. Nott ("Nott"), a shareholder of SPN, attests that he is counsel of record for Monument in the above-titled action and "ha[s] served as counsel for Monument . . . for more than 5 years" (see Nott Decl. ¶ 2), but "cannot continue the representation without continuing to cause substantial economic harm to [his] firm" (see id. ¶ 5). In particular, Nott attests that Monument "remains 9 months behind in its payments" to SPN (see id. ¶ 4), that Nott has "used [his] own time as well as 2 associates" on his work for Monument, which prevents them from "work[ing] for

---

[1] At the Court's direction, SPN filed a Certificate of Service, demonstrating that Monument was served with a copy of the instant motion on October 20, 2016.

other clients who have a positive record of paying their legal bills" (see id. ¶ 5), and that, as SPN has only "5 full time attorneys . . . [,] to not be paid for 3 of the attorneys' time is economically impossible for [SPN] to withstand" (see id.).  Additionally, Nott attests, he has "provided more than 120 days' notice to Monument . . . and to CEO Scott McDonald of the financial issues existing between [Monument] and [SPN], as well as the need for [Monument] to pay the bills." (See id. ¶ 4.)

Good cause having been shown, the motion will be granted.  As Monument cannot appear in this action without counsel, however, see Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) (holding corporation may appear in federal court only through licensed counsel), the Court hereby cautions Monument that if it does not file a timely substitution of counsel, it will be deemed to be in default, after which plaintiff may seek entry of default and a default judgment, see United States v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming entry of default judgment against corporation where corporation failed to retain counsel).

Further, in light of the above, the Court will approve the parties' stipulation to extend by ninety days the deadline to complete mediation, in order to allow time for Monument to find new counsel.

Accordingly, for the reasons set forth above,

1. SPN's motion to withdraw as counsel for Monument is GRANTED.

2. The deadline by which the parties shall complete mediation is EXTENDED from December 15, 2016, to March 15, 2017.

4. Monument shall file a substitution of counsel no later than January 27, 2017.  If Monument fails to do so, plaintiff may seek entry of default and default judgment.

5. The Clerk shall serve a copy of this order, by mail, on Monument Security, Inc., 4926 43rd Street, McClellan, CA 95652, Attention: Scott McDonald, CEO.

**IT IS SO ORDERED.**

Dated: November 22, 2016

MAXINE M. CHESNEY
United States District Judge