IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N'KAYLA BARNES,<br><br>    Plaintiff,<br><br>  v.<br><br>MONUMENT SECURITY, INC.,<br><br>    Defendant. | Case No. 16-cv-03281-MMC<br><br>**ORDER GRANTING DEFENDANT RD/JET, LLC'S MOTION TO DETERMINE GOOD FAITH OF SETTLEMENT**<br><br>Re: Dkt. No. 37 |

Before the Court is defendant RD/JET, LLC's ("RD/JET")[1] Motion to Determine Good Faith of Settlement, filed July 7, 2017, and supplemented August 2, 2017, by which motion RD/JET seeks, pursuant to § 877.6 of the California Code of Civil Procedure, a determination of good faith as to the settlement it has reached with plaintiff N'Kayla Barnes ("Barnes"). The only other defendant named in the above-titled action, Monument Security, Inc. ("Monument"), has not filed opposition, and Barnes has filed a statement of non-opposition. The Court, having read and considered the papers filed in support of the motion, rules as follows.[2]

Under § 877.6, a court may determine whether a settlement between a plaintiff "and one or more alleged tortfeasors or co-obligors" was made in good faith. See Cal. Code Civ. Proc. § 877.6(a). Federal courts exercising supplemental jurisdiction over

---

[1] RD/JET is erroneously sued as Jetro Holdings, LLC.

[2] By order filed July 14, 2017, the Court vacated the hearing on the motion and advised the parties that the matter would stand submitted as of August 9, 2017, the date provided for Monument to file any response to RD/JET's supplemental filing.

state law claims have discretion to determine whether a settlement is in good faith under this provision. See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1064 (9th Cir. 2011). A determination of good faith "bar[s] any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." See id. § 877.6(c).

Although the California Supreme Court has set forth "a number of factors to be taken into account" for purposes of determining whether a settlement was made in good faith, see Tech-Bilt, Inc. v. Woodward-Clide & Assoc., 38 Cal. 3d 488, 499 (1985), those factors need only be "consider[ed] and weigh[ed]" where "the good faith nature of a settlement is disputed," see City of Grand Terrace v. Superior Court, 192 Cal. App. 3d 1251, 1261 (1987). Here, all parties to the above-titled action have received electronic notice of the pending motion, and, as noted, no opposition has been filed. "[W]hen no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient." Id.

In determining whether a sufficient showing has been made, the Court considers in the first instance "whether the amount of the settlement is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." See Tech-Bilt, 38 Cal.3d at 499. Although the only information provided by RD/JET bearing on that question is the amount of the settlement[3] and the fact the settlement was reached in the course of court-sponsored mediation, the Court, having reviewed in addition the factual and legal issues as set forth by the parties in their September 9, 2016 Joint Case Management Statement, finds the settlement was made in good faith.

---

[3] By order filed concurrently herewith, the Court has granted RD/JET's motion to seal the portion of its supplemental declaration that sets forth the amount of the settlement. An unredacted copy of that supplemental declaration has been filed pursuant to Civil Local Rule 79-5, and the Court has considered the amount of the settlement.

2

Accordingly, RD/JET's motion is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: August 31, 2017

_____
MAXINE M. CHESNEY
United States District Judge